GEORGE W. WELCH and another, in equity,

*vs.*

SAMUEL STEARNS and others.

Androscoggin. Opinion July 5, 1882.

*Mortgage. Foreclosure. Part payment.*

All persons are bound to take notice of the boundaries of counties, and of any change in their limits by legislative action.

When a mortgage has been received and recorded in the registry of the county, and the town in which the mortgaged premises lay, becomes by

legislative enactment part of another county, the notice of foreclosure should be published in the county in which the land is situated when the notice is given.

The payment of part of a mortgage debt after the commencement of proceedings to foreclose the mortgage and before their termination, does not necessarily operate to delay or prevent the foreclosure becoming effectual at the end of the statutory period of three years.

The mortgagee after foreclosure sold a part of the mortgaged premises to A B, who on the same day gave a bond to the mortgagor to convey the land then purchased to him upon payment of the price and interest in four years; *Held*, That this did not open the foreclosure, nor give the mortgagor any rights to redeem the mortgage.

BILL IN EQUTY, heard on bill, answers and proof.

The opinion states the case.

*John H. Webster*, for the plaintiffs.

Angerona Welsh was married to Thomas S. Welsh, and became seized of whatever interest she had in the mortgaged premises long prior to March 22, 1844. She died August 3, 1851, and her interest descended to her children, charged with the burden, and possessed of the right of redeeming from the mortgage, but postponed as to the actual possession until the termination of the husband's and father's life estate by the courtesy. *Wass* v. *Bucknam*, 38 Maine, 356; 1 Wash. on Real Prop. 149, 151, 152, 154. A foreclosure is claimed by publication in a newspaper and recording, according to the first mode in R. S., 1841, c. 125, § 5. A mortgage cannot be foreclosed unless according to statute. *Ireland* v. *Abbott*, 24 Maine, 155; *Chamberlain* v. *Gardiner*, 38 Maine, 548. The notice to foreclose, as published, is fatally defective in its description. Could the children or their guardian take that notice and go into Minot and find the land, the mortgage of which was attempted to be foreclosed? R. S., 1841, c. 125, § 5; *Chase* v. *McLellan*, 49 Maine, 375; *Dela* v. *Stanwood*, 61 Maine, 51. It contains no claim to foreclose the mortgage, as required. The record is insufficient. No one can tell whether the date of the first, second or last paper in which it was published, is given. The last is required. R. S., 1841, c. 125, § 5. The record of the notice is the only proper evidence of the time when the right of re-

demption will be forever foreclosed. *Holbrook* v. *Thomas*, 38 Maine, 256; *Chase* v. *Savage et al.* 55 Maine, 543. This record cut off two weeks of the time of redemption. It does not appear from the record, whether published in the county where the land lays or not. *Blake* v. *Dennett*, 49 Maine, 102; *Freeman* v. *Atwood*, 50 Maine, 473; *Storer* v. *Little*, 41 Maine, 69; *Chamberlain* v. *Gardiner*, 38 Maine, 548. Had the attempted foreclosure been in perfect accordance with the provisions of the statute it would have been waived by the agreement or bond given Thomas S. Welch by Millett, when he took his conveyance from Stearns October 29, 1857. *Quint* v. *Little*, 4 Maine, 495; *Fisher* v. *Shaw*, 42 Maine, 32. In his answer Stearns admits a payment after foreclosure, which if properly made, would have been out, which waives the foreclosure. *Dow* v. *Moor*, 59 Maine, 118, and cases cited therein.

The debt secured by a mortgage is the substantial part, the mortgage is only an incident. The mortgagee can not convey a distinct parcel of the mortgaged premises to a stranger, until foreclosure; in so doing he would divide the debt. Nor can a joint mortgagor, by his consent to such conveyance, bind his co-mortgagor or her heirs without their knowledge. *Spring* v. *Haines*, 21 Maine, 126; *Smith* v. *People's Bank*, 24 Maine, 185. The defendants are bound by their answers, and must confine their proof to the allegations in their answers. What is alleged and not proved, and proved and not alleged, is alike to be disregarded. *Hunt* v. *Daniel et al.* 6 J. J. Marsh, 398 (7 ed.); 3 Greenl. Ev. 355; *Sidney* v. *Sidney*, 3 P. Wms. 269, 276; *Scudder* v. *Young*, 25 Maine, 155; *Boynton* v. *Brastow*, 38 Maine, 577; *Lovell* v. *Farrington*, 50 Maine, 239; *Stover* v. *Poole*, 67 Maine, 217.

The allegation of three defendants of title by disseizin, not responsive to bill and requires proof. If Stearns or Millett ever took any actual possession of their several parcels, they took it under their legal title, or by consent of, and not adverse to, the mortgagor, and not as disseizors, and must be adjudged to be in possession under an unforeclosed mortgage. *Tinkham* v. *Arnold*, 3 Maine, 120; *Varney* v. *Stevens*, 22 Maine, 331;

*Alden et ux.* v. *Gilmore*, 13 Maine, 178; *Eaton* v. *Jacobs*, 49 Maine, 559; *Worcester* v. *Lord*, 56 Maine, 265; *Kinsell et al.* v. *Daggett et al.* 11 Maine, 309; *Gardner* v. *Gooch*, 48 Maine, 487; *Wass* v. *Bucknam*, 38 Maine, 356.

Limitations in equity are in fact matters of presumption. But equity courts conform to the spirit of the statute, with all its qualifications and limitations so far as applicable. *Phillips* v. *Sinclair*, 20 Maine, 269; *Blethen* v. *Dwinal*, 35 Maine, 556; *Hurd* v. *Coleman*, 42 Maine, 182; *Chick* v. *Rollins*, 44 Maine, 104; *Roberts* v. *Littlefield*, 48 Maine, 61; *Lawrence* v. *Rokes*, 53 Maine, 110; *Randall* v *Bradley*, 65 Maine, 43.

By analogy to the statute of limitations, the twenty years necessary to raise a presumption of foreclosure would commence at the death of the complainant's father. R. S., 1857; also of 1871, c. 105, § 3; or at earliest at the sale to Washburn. But being seized of a reversion, they have such an interest, that they may redeem before the termination of the intermediate estate. As they hold under their mother one of the mortgagors.

*Hutchinson and Savage*, for the defendants, cited: *Eaton* v. *Nason*, 47 Maine, 132; *Harding* v. *Springer*, 14 Maine, 407; *Dow* v. *Moor*, 59 Maine, 118; *Chase* v. *Savage*, 54 Maine, 543; *Field* v. *Huston*, 21 Maine, 69; *Marr* v. *Hobson*, 22 Maine, 321; *Dela* v. *Stanwood*, 61 Maine, 57; *Phillips* v. *Sinclair*, 20 Maine, 269; *Hurd* v. *Coleman*, 42 Maine, 182; *Roberts* v. *Littlefield*, 48 Maine, 61; R. S., c. 105, § § 1, 7.

APPLETON, C. J. This is a bill in equity to redeem a mortgage, dated June, 2, 1848, given by Thomas S. Welch and Angerona, his wife, to Samuel Stearns, Junior, to secure their note to him for five hundred dollars, payable in five years with interest annually.

The mortgagee, Stearns, commenced to foreclose by publication in a newspaper, in June 2, 1854. On December 19, 1877, a demand was made on the defendants to render an account of rents, profits, &c.

Angerona Welch died on August 3, 1851, leaving seven children, of whom the complainant, George W. Welch, is one and the other claims title as the heir of her son, a grandchild of the

said Angerona. The remaining survivor is made with others, a party defendant.

The question for determination is whether or not the complainants are barred by the foreclosure in this case. The mortgagee, Stearns, on April 20, 1854, published the following notice in the Democratic Advocate, a paper printed in the county in which the land is situated, the first publication bearing date April 20. The notice was continued three weeks successively.

"Foreclosure of mortgage.

"Whereas, Thomas S. Welch and Angerona Welch of Minot, county of Cumberland and state of Maine, on the second day of June, A. D. 1848, made and executed to me, the undersigned, a mortgage deed of a certain tract or parcel of land, with the buildings thereon, in Minot aforesaid, which deed is recorded in the Cumberland registry, book 210, page 351, reference to said record being had for a more particular description of said deed and the premises therein conveyed, to secure the payment of a certain note, for five hundred dollars in five years, with annual interest. The conditions of the mortgage being broken, I hereby give this notice for the purpose of foreclosing the same, as by law provided. Minot, April 20, 1854. Samuel Stearns."

This notice is all that is required by R. S., 1840, c. 125, § 5. It states the claim of Stearns, by mortgage, by reference to the record, describes the estate intelligently, gives the names of the parties to the mortgage and its date, asserts a breach of the condition and claims a foreclosure.

It is denied that the notice given was sufficient. But it is a full compliance with the statute in force. A change had taken place in the boundaries of Cumberland county and a new county had been formed between the giving of the mortgage and the notice of foreclosure. But courts and parties are bound to take notice of the limits of counties and any changes of those limits by legislative action.

It is objected that the certificate of the register of deeds, as required by § 5, is insufficient. It is as follows.

"Certificate of register.

"The foregoing is a true copy as appears of the Democratic

Advocate, a public newspaper, printed at Lewiston and dated April 20, 1854, the same having been published three weeks successively in said paper and recorded from the same, May 12, 1854.                    By William C. Mitchell, register."

The notice of the foreclosure was printed "three weeks successively." The evidence shows the first publication to have been April 20, 1854, the second, April 27, the third, May 4. The name and date of the paper is given in which it was last published. The copy of the printed notice is recorded within thirty days of the last publication in the appropriate registry of deeds.  *Clark* v. *Crosby,* 101 Mass. 184.

The right to redeem arises from the time of the last publication and that is sufficiently apparent from the record ; "three weeks successively," indicates with certainty the date of the last publication. The notice and certificate are within the decision of this court in *Chase* v. *Savage,* 55 Maine, 543 and must be regarded as in accordance with the provisions of the statute.

The three years, in which the foreclosure would become perfected, expired on April 21, 1857. But before that time, thirteen dollars and ninety-four cents had been paid the mortgagee and by him indorsed November 27, 1855, on the note secured by the mortgage.

It appears in evidence that Stearns, claiming a perfected foreclosure, entered in possession of the mortgaged premises, that being in possession on October 29, 1857, he conveyed by quitclaim deed, a part of the same to Elbridge G. Millett, for four hundred and six dollars as stated in the deed, who, at the same time, gave Thomas S. Welch, the surviving mortgagor, a bond to convey to him the premises then deeded on payment of the consideration and interest within four years, just before the expiration of which period the obligee of the bond surrendered the same to the obligor.

Stearns continued in undisputed and unbroken possession of the residue of the mortgaged premises until November 1, 1871, when he conveyed the same by deed of warranty to Albert Quinby, who has remained in undisturbed possession till the institution of this bill.

Elbridge G. Millett continued in possession and controlling the premises conveyed him until November 13, 1861, when he conveyed the same by deed of warranty to James E. Washburn, whose possession was undisturbed while sole owner and who, on September 4, 1873, conveyed one undivided half of the same to the complainant, George W. Welch.

The title of Stearns and that of his grantors was not merely not disturbed, but was recognized by Thomas S. Welch, the surviving mortgagee, as valid, he holding under them and in subservience to their title. No question as to the validity of the title by foreclosure seems to have been made from April 20, 1857, to December 19, 1877, when a demand to render an account was made. It would seem that the title of Stearns would become perfect by a continued possession, claiming title for over twenty years, that title, having, during the intermediate period, been recognized as valid.

But the complainants insist that the foreclosure was opened by the payment of thirteen dollars and ninety-four cents, on November 27, 1855, within the three years required for its completion. In most, if not all cases, when a payment in part or on the whole has been regarded as a waiver of a foreclosure, the payment has been after its completion.

It is undoubtedly true that a payment of the debt and received as such, must, after foreclosure, be regarded as evidence tending to show a waiver of the rights thereby acquired. In the cases when part payment has been held a waiver, it will be found that there was an accompanying agreement that such should be its effect. In *Moore* v. *Beasom*, 44 N. H. 215, it was decided that the payment of part of the mortgage debt to the mortgagee, or a part of the purchase money to the purchaser of the equity of redemption, under a *verbal agreement* for the postponement of the payment of the balance due, would operate as the waiver of the forfeiture of the estate and prevent a foreclosure of the mortgage. In *McNeil* v. *Call*, 19 N. H. 413, there was an agreement that if the mortgage debt should be paid by a certain time after it became due and the money was tendered within the time stipulated, it was held the forfeiture was waived and the foreclosure opened.

In *Deming* v. *Comings*, 11 N. H. 475, the defendant to a lease in which was reserved to have "all the right in equity to redeem the premises during the time which he had at its date." The plaintiff at the same time gave a receipt of a certain sum "to apply to the redemption of a farm specified in a lease bearing date," &c. It was held that here was a waiver of the foreclosure. In *Dow* v. *Moor*, 59 Maine, 119, it was held that a receipt after foreclosure of part of a debt secured by mortgage, under an express understanding that the foreclosure was opened, was held to be a waiver. In the case at bar there was no agreement whatever, that there should be a stay or waiver of the forclosure then in process of perfection. It was simply a small payment towards a debt then due. Nothing indicates that it was under circumstances giving the payer anything more than a right to having his debt reduced to that extent. A mere simple payment after a foreclosure, without other evidence is not conclusive proof that it was the intention of the parties to open the mortgage. *Lawrence* v. *Fletcher*, 10 Met. 345. In *Smith* v. *Larrabee*, 58 Maine, 361, the reception of stumpage from permits on the land mortgaged after publishing notice for purpose of foreclosure, was held not to be a waiver of such attempted foreclosure. To the same effect is the decision in *Stetson* v. *Everett*, 59 Maine, 377.

The whole evidence and the acts of the parties manifestly show that this was simply a part payment of a debt due; that it was not intended either by the party paying or the party receiving to affect the foreclosure which was in the process of completion. Both are witnesses and they intimate nothing contradicting the view we have taken.

It is claimed that when Millett purchased a part of the mortgaged premises on October, 29, 1857, and gave a bond to Thomas S. Welch, the surviving mortgagor, to deed the premises conveyed to him on payment of the purchase money and interest in four years, that the foreclosure was thereby opened. But we think not. The bond related to only a part of the premises mortgaged. It was given by a stranger to the mortgage. The mortgagee was no party to it. It related to premises in which his interest had

ceased. The waiver of a foreclosure must be by the holder of the mortgage. It can be by no one else.

Even if the bond of Millett were to be held a waiver, it would not avail the complainant inasmuch as its terms were not complied with. Neither payment nor tender of payment is pretended. If the mortgagee would have availed himself, he should have made his tender or payment within the four years. *Chase* v. *McLellan*, 49 Maine, 375; *Lawrence* v. *Fletcher*, 10 Met. 344; *Capen* v. *Richardson*, 7 Gray, 364.

The conclusion to which we have arrived is, that there has been a perfected foreclosure of the mortgage ; that neither payment of thirteen dollars and ninety-four cents made after the commencement of the foreclosure, nor the bond given by Millett to the mortgagor after it became perfected, can entitle the complainant to have the same opened.

There are numerous other questions presented for our consideration by the learned and indefatigable counsel for the complainants, but their examination, in the view we have taken of the case, is not necessary for its satisfactory determination.

*Bill dismissed.*

WALTON, BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.